LEROY STEGNER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY and Another.[1]

April 27, 1906.

Nos. 14,584—(12)

**Contributory Negligence.**
> The facts in this case are not essentially different from the facts before the court upon the former appeal (94 Minn. 166), and it does not conclusively appear from the evidence that deceased was guilty of contributory negligence.

Action in the district court for Ramsey county by Leroy Stegner as administrator of the estate of Jasper T. Stegner, deceased, to recover from defendants $5,000 for the death of deceased. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the verdict, defendant railway company appealed. Affirmed.

*F. W. Root,* for appellant.
*Samuel A. Anderson,* for respondent.

[1]Reported in 107 N. W. 559.

LEWIS, J.

The decision on the former appeal in this case is found in 94 Minn. 166, 102 N. W. 205. On the facts then before the court it was held that it did not conclusively appear from the evidence that Stegner was guilty of contributory negligence, either before or after he passed the gates, and hence it became a question of fact to be determined by a jury. Upon the new trial a verdict was returned for respondent, and upon this appeal the finding of the jury must be sustained, unless new facts were developed which established, as a matter of law, that he was guilty of contributory negligence.

Some additional evidence was introduced in the way of photographs taken to show the location of the box cars, the witnesses, and the deceased, and from the locations thereby assumed it is argued that Stegner must have seen, if in the exercise of ordinary care, the Rock Island train when it reached a point nearly two hundred feet south of the point where he stood at the time he was killed. This character of evidence is so technical that the jury were not required to accept it without regard to the other evidence. There is no other positive evidence that the Rock Island train was within view before Stegner passed the gates, and, even if the noise of the approaching train was sufficient to attract his attention, that was not conclusive evidence that it was about to pass over the crossing. It does not definitely appear at what point Stegner was when he might reasonably have observed the approaching train. That would depend on the speed at which the train was running and the position of the box car as he proceeded towards the tracks. And, further, it does not conclusively appear that he did not exercise ordinary care to protect himself after he passed the gates and after he saw the approaching train. Let it be assumed that the engine of the Rock Island train threw light on the Milwaukee engine as it backed down on the third track, and that the two engines passed at a point from seventy five to one hundred feet north of the sidewalk. It was a dark night, and the electric light in the street did not aid the vision beyond sixty or seventy feet. The Rock Island train was making a great noise, and the Milwaukee engine was backing down, with no light other than a red lantern at the rear of the engine, which might easily have been taken for a stationary light, and the bell

sounded by that engine was, to a considerable extent at least, drowned by the noise of the passing train.    Although respondent's witness Heinz stated he did not notice whether the decedent looked to the north more than once, it would be very difficult to observe, from the position he and the other witness (Jones) occupied, whether Stegner looked once or several times.    Considering the uncertain speed of the Rock Island train, .as well as of the Milwaukee engine, and the indistinctness of the view because of the darkness, it might very readily have happened that the engine backed down on the deceased without his being aware of its approach, although he may have exercised that degree of care which prudent persons would exercise under similar circumstances.    There is no occasion to review the authorities, for the law is plainly stated in the previous decision, and the facts are not essentially different.

Judgment affirmed.